IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEX M. STROHECKER       : Civil No. 1:26-CV-22
           :
    Plaintiff,           :
           :
      v.               :
           : (Chief Magistrate Judge Bloom)
FRANK BISIGNANO,        :
Commissioner of Social Security,    :
           :
    Defendant.        :

## MEMORANDUM OPINION

## I.  Introduction

Alex M. Strohecker filed an application under Title II of the Social Security Act for disability and disability insurance benefits on January 12, 2023.[1]  Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Strohecker was not disabled from his alleged onset date of June 15, 2022, through March 5, 2025, the date of the ALJ's decision.[2]

Strohecker now appeals this decision, arguing that the decision is not supported by substantial evidence.  After a review of the record, and

---

[1] Tr. 56.
[2] Tr. 28.

mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[3] we conclude that substantial evidence supports the ALJ's findings in this case.   Therefore, we will affirm the decision of the Commissioner denying this claim.

## II.   Statement of Facts and of the Case

Strohecker filed for disability and disability insurance benefits, alleging disability due to cervical disc disease status post cervical fusion and arthritis.[4]   Strohecker was 50 years old at the time of his alleged onset of disability, had obtained his GED, and had past relevant work as a CNC operator.[5] [6]

---

[3] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

[4] Tr. 55.

[5] Tr. 27, 39, 40.

[6] Strohecker did not outline the pertinent medical/vocational evidence of record in his brief as required by local rules.  *See* M.D. Pa. L.R. 83.40.4(a). We will therefore forego recitation of the administrative record, except to say that the record contains medical records and medical opinion evidence, which the ALJ found supported the existence of three severe impairments and several other medically determinable but non-severe impairments, including mild limitations in all four areas of mental functioning.

The ALJ held a hearing on Strohecker's disability application on November 25, 2024.[7]  Strohecker and a Vocational Expert ("VE") both appeared and testified at this hearing.[8]  Following this hearing, on March 5, 2025, the ALJ issued a decision denying the plaintiff's application for disability benefits.[9]  The ALJ first concluded that Strohecker had not engaged in substantial gainful activity since his alleged onset date of June 15, 2022.[10]  At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion, degenerative disc disease of the lumbar spine, and diabetes mellitus.[11]  At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[12]

Between Steps 3 and 4, the ALJ then concluded that Strohecker:

---

[7] Tr. 36-55.
[8] *Id.*
[9] Tr. 14-28.
[10] Tr. 16-17.
[11] Tr. 17.
[12] Tr. 19.

[H]a[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently reach, handle and finger with both upper extremities. He can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch or crawl. He can tolerate frequent exposure to unprotected heights, humidity, wetness, extreme cold and vibrations. The claimant can frequently operate hazardous machinery.[13]

In reaching this residual functional capacity ("RFC") determination, the ALJ considered the objective medical record, the medical opinion evidence, and Strohecker's reported symptoms. With respect to the medical opinion evidence, the ALJ found the opinion of the state agency psychological consultant, Dr. Paul Taren, persuasive.[14] Dr. Taren opined that Strohecker had mild limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting or managing himself, and that Strohecker suffers from non-severe mental health impairments.[15] The ALJ found this opinion was supported by Dr. Taren's

---

[13] Tr. 20.
[14] Because Strohecker's appeal relates only to the ALJ's treatment of Strohecker's mental health impairments, we will forego discussion of medical opinions relating to Strohecker's physical impairments.
[15] Tr. 24.

own explanation, including that Strohecker had not undergone specialized mental health treatment and had a generally benign consultative exam.[16]   The ALJ found the opinion consistent with the record, which indicated, *inter alia*, that Strohecker's mental health was well managed by medication prescribed by his primary care provider ("PCP").[17]

The ALJ found the opinion of consultative examiner Dr. Stacy Trogner partially persuasive.  Dr. Trogner opined that Strohecker had moderate limitations in understanding, remembering and carrying out complex instructions, and in making judgments on complex work related decisions, as well as mild limitations in interacting appropriately with the public, coworkers and supervisors and responding appropriately to usual work situations and to changes in a routine work setting, but had no limitations in other areas of mental functioning.[18]  The ALJ stated he agreed with Dr. Trogner's opinion about the areas of mental functioning where she found no or mild limitations, but was not persuaded by the

---

[16] *Id.*

[17] *Id.*

[18] Tr. 25.

portion of her opinion finding marked limitations.[19]  He concluded that portion was not supported by Dr. Trogner's own report, and was inconsistent with the record, which showed Strohecker's symptoms were well managed with medication from his PCP.[20]

   With respect to Strohecker's symptoms, the ALJ found that Strohecker's statements concerning the intensity, persistence, and limiting effects of his impairments were not entirely consistent with the medical evidence.[21]  The plaintiff testified about his prior work as a CNC machine operator, and how his physical impairments limited the work tasks he could perform.[22]  He also discussed his neck fusion surgery, the arthritis in his hips, and the limitations he felt resulted from those impairments.[23]  He detailed his difficulties walking and how some of his activities of daily living, such as making meals and grocery shopping,

---

[19] *Id.*
[20] *Id.*
[21] Tr. 30.
[22] Tr. 39-43.
[23] Tr. 44-47.

were constrained by his impairments.[24]  Strohecker did not mention any mental health impairments or limitations in his testimony.[25]

The ALJ ultimately found Strohecker's testimony to be inconsistent with the objective clinical findings.[26]  The ALJ recounted the objective evidence during the alleged disability period, including "excellent" A1c levels, tingling and numbness in Strohecker's hands, and degenerative disc changes seen on MRI.[27]  The ALJ discussed Strohecker's neck surgery and noted Strohecker reported recovering well and showed 5/5 strength and intact sensation after the surgery.[28]  Ultimately, the ALJ concluded that Strohecker was not as limited as he alleged.

Having made these findings, the ALJ found at Step 4 that Strohecker could perform his past work as a CNC machine operator, as that position did not require him to perform any activities prohibited by his RFC.[29]  Accordingly, the ALJ found that Strohecker had not met the

---

[24] Tr. 48-50.
[25] Tr. 39-52.
[26] Tr. 24.
[27] Tr. 21.
[28] Tr. 22.
[29] Tr. 27.

7

stringent standard prescribed for disability benefits and denied his claim.[30]

This appeal followed.  On appeal, Strohecker argues that the ALJ failed to explain his consideration of Strohecker's non-severe mental health impairments.  This case is fully briefed and is therefore ripe for resolution.  For the reasons set forth below, we will affirm the decision of the Commissioner.

## III.   Discussion

### A.   Substantial Evidence Review – the Role of this Court

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[31]  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as

---

[30] Tr. 28.

[31] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

adequate to support a conclusion."[32]   Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[33]

A single piece of evidence is not substantial evidence if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence."[34]   However, where there has been an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."[35]   The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[36]

The Supreme Court has explained the limited scope of our review, noting that "[substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to

---

[32] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[33] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[34] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)) (internal quotations omitted).

[35] *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

[36] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

support a conclusion.'"[37]   Under this standard, we must look to the existing administrative record to determine if there is "'sufficient evidence' to support the agency's factual determinations."[38]   Thus, the question before us is not whether the claimant is disabled, but rather whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was based upon a correct application of the law.[39]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[40]   Thus, we cannot re-weigh the evidence. Instead, we must determine whether

---

[37] *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[38] *Id.*

[39] *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts"); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

[40] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

10

there is substantial evidence to support the ALJ's findings.  In doing so, we must also determine whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision.[41]  This does not require the ALJ to use "magic" words, but rather the ALJ must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[42]   Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[43]

### B.    Initial Burdens of Proof, Persuasion, and Articulation for the ALJ

To receive disability benefits under the Social Security Act, a claimant must show that he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less

---

[41] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[42] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[43] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

than 12 months."[44]  This requires a claimant to show a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[45]  To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[46]

In making this determination, the ALJ follows a five-step evaluation.[47]  The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[48]

---

[44] 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §1382c(a)(3)(A); *see also* 20 C.F.R. §§404.1505(a), 416.905(a).
[45] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[46] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[47] 20 C.F.R. §§404.1520(a), 416.920(a).
[48] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity (RFC). RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[49] In making this assessment, the ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[50] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[51]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[52] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform

---

[49] *Burnett,* 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

[50] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

[51] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).

[52] *Mason,* 994 F.2d at 1064.

consistent with the claimant's RFC, age, education, and work experience.[53]

With respect to the RFC determination, courts have followed different paths when considering the impact of medical opinion evidence on this determination. While some courts emphasize the necessity of medical opinion evidence to craft a claimant's RFC, other courts have taken the approach that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."[54]  Additionally, in cases that involve no credible medical opinion evidence, courts have held that "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[55]

Given these differing approaches, we must evaluate the factual context underlying an ALJ's decision.  Cases that emphasize the importance of medical opinion support for an RFC assessment typically

---

[53] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

[54] *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006); *see also Biller v. Acting Comm'r of Soc. Sec.*, 962 F. Supp. 2d 761, 778–79 (W.D. Pa. 2013).

[55] *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214–15 (W.D. Pa. 2015).

14

arise in the factual setting where well-supported medical sources have found limitations to support a disability claim, but an ALJ has rejected the medical opinion based upon an assessment of other evidence.[56] These cases simply restate the notion that medical opinions are entitled to careful consideration when making a disability determination. On the other hand, when no medical opinion supports a disability finding or when an ALJ relies upon other evidence to fashion an RFC, courts have routinely sustained the ALJ's exercise of independent judgment based upon all the facts and evidence.[57] Ultimately, it is our task to determine, considering the entire record, whether the RFC determination is supported by substantial evidence.[58]

C.   <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is significantly deferential. Our task is simply to determine whether the ALJ's decision is supported by substantial evidence in the record; that is

---

[56] *Biller*, 962 F. Supp. 2d at 778–79.
[57] *See Titterington,* 174 F. App'x 6; *Cummings,* 129 F. Supp. 3d at 214–15.
[58] *Burns,* 312 F.3d 113.

"only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[59]   Judged against this deferential standard of review, we conclude that substantial evidence supported the ALJ's decision in this case.

Strohecker alleges that because the ALJ found mild impairments to Strohecker's mental functioning, the ALJ was obligated to explain how he considered those impairments when fashioning Strohecker's RFC and failed to do so.  After careful consideration, we conclude that the ALJ sufficiently articulated consideration of these impairments.  Accordingly, we will affirm the decision.

When an ALJ finds non-severe impairments, the articulation requirement as to those impairments is not exacting.  The Social Security administration requires only that the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion," including whether non-severe impairments result in limitations in the RFC.[60]   Our Court of Appeals has explained that

---

[59] *Biestek*, 139 S. Ct. at 1154.
[60] SSR 96-8P, 1996 WL 374184, at *7.

excluding limitations for mild mental health impairments is permissible "as long as the ALJ offers a 'valid explanation'" for that conclusion.[61]  An ALJ may satisfy that requirement by referencing evidence such as mental status examinations, doctor's notes or opinions, the claimant's activities of daily living, or the claimant's subjective complaints.[62]

Here, we conclude that the ALJ's decision contains a valid explanation for the absence of mental health limitations from the RFC. While the ALJ's thorough summary of the record evidence does not address the plaintiff's mental health treatment, he did consider two medical opinions that discussed Strohecker's mental health impairments.  The ALJ's discussion of Dr. Taren's opinion includes the following passage:

> [Dr. Taren] indicated on May 20, 2024 that [Strohecker] has mild limitation in understanding, remembering or applying information, interacting with others, concentrating, persisting or maintaining pace and adapting or managing himself and has nonsevere mental impairments (Exhibit 3A). This opinion is supported by the explanation with the opinion that the claimant has undergone no specialized mental health treatment with the claimant's primary care provider

---

[61] *Hess v. Comm'r of Soc. Sec*, 931 F.3d 198, 211 (3d Cir. 2019).

[62] *Id.* at 214. *See also McCafferty v. Astrue*, Civ. No. 07-3641, 2008 WL 1869282, at *4 (E.D. Pa. Apr. 25, 2008).

17

prescribing medication for mental health symptoms and the fact that the claimant's examination at the consultative examination generally was benign. It also is consistent with the record noting the management of mental health symptoms with medication prescribed by the claimant's primary care provider without the need for more intensive or specialized interventions and the absence of documentation of the claimant's experience of significant, consistent issues with behavior or cognitive or executive functioning.[63]

This passage identifies a medical opinion and several specific pieces of record evidence that support the conclusion that Strohecker has no limitations from his mental health impairments.  We conclude these references are sufficient to satisfy the "valid explanation" requirement, especially given that Strohecker never alleged disability due to mental health impairments until this appeal and it is the claimant's burden to put forth evidence showing "how his impairments, whether individually or in combination, amount to a qualifying disability."[64]

Given that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as

---

[63] Tr. 24-25.

[64] *Romero v. Comm'r of Soc. Sec.*, Civ. No. 18-16806, 2020 WL 2301444, at *1 (D.N.J. May 8, 2020) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

established by the evidence, we find no error with the decision. Therefore, under the deferential standard of review that applies to appeals of Social Security disability determinations, we conclude that substantial evidence supported the ALJ's evaluation of this case, and this decision will be affirmed.

## IV.    Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 14th day of July 2026.


*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

19